UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-90-FDW

| | |
|---|---|
| KAYIE SHAUNE WRIGHT, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>KENNETH E. LASSITER, et al., )<br>)<br>  Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Permanent Restraining Order and Preventive Relief," (Doc. No. 21).

*Pro se* incarcerated Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983 that passed initial review on claims of excessive force, due process violations, freedom of religion claims, and interference with the mail. (Doc. No. 14). A request for waiver of service on the relevant Defendants is presently pending. See (Doc. No. 15).

Plaintiff has now filed a "Motion for Permanent Restraining Order and Preventive Relief," in which he argues that a preliminary injunction should be entered because he will succeed on the merits and he is likely to be retaliated against and will suffer irreparable harm due to the pendency of this action. He seeks transfer to the North Carolina Central Prison or Scotland Correctional Institution.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). A preliminary injunction is a remedy that is "granted only sparingly and in limited circumstances." MicroStrategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quoting

1

Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991)). To obtain a preliminary injunction, a movant must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. DiBiase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (quoting Winter, 555 U.S. at 20).

The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits. See Pashby v. Delia, 709 F.3d 307, 319 (4th Cir. 2013). By contrast, a mandatory injunction "goes well beyond simply maintaining the status quo *pendent lite*, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." Taylor v. Freeman, 34 F.3d 266, 270 n. 2 (4th Cir. 1994) (quoting Martinez v. Matthews, 544 F.2d 1233, 1243 (5th Cir. 1976)). A mandatory injunction is warranted in only the most extraordinary circumstances. Id. (citing Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)). Further, it is well established that "absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." Taylor, 34 F.3d at 268; see Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982) ("judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.").

Plaintiff's conclusory Motion has failed to demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Therefore, his request for preliminary injunctive relief will be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion for Permanent Restraining

Order and Preventive Relief," (Doc. No. 20), is **DENIED**.

Signed: September 12, 2018

Frank D. Whitney
Chief United States District Judge