IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-90-FDW

| KAYIE SHAUNE WRIGHT, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| KENNETH E. LASSITER, | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court on Motion, (Doc. No. 46), of Defendants Robert T. Barker, Virginia Brookshire, Nicholas Davis, Braden Guzman, Timothy Hodgson, Alley Hollingworth, Morgan Kinzer, Michael Long, Johnny Lyons, Robert Marsh, Matthew McClendon, Edward McFalls, Bradley Morris, Randy Mull, Isaac Nanney, Teresa Puett, Christopher Scott Surratt, Brad Taylor, Michael Tilley, and Donald Watkins to Strike Plaintiff's Response in Opposition to their Answer, (Doc. No. 45).

District courts have the inherent authority to manage their dockets with a view toward the efficient and expedient resolution of cases. Dietz v. Bouldin, 136 S.Ct. 1885, 1892 (2016). Striking documents is within the Court's inherent authority. See Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138, 150 (4th Cir. 2009).

Defendants correctly argue that Plaintiff's Response is improper because it exceeds the scope of the pleadings permitted by the Federal Rules of Civil Procedure because it is not a: (1) complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; or (7) a reply to an answer ordered by the court. See Fed. R. Civ. P. 7(a). The

1

Motion to Strike will therefore be granted.

**IT IS, THEREFORE, ORDERED** that the moving Defendants' Motion to Strike, (Doc. No. 46), is **GRANTED**.

Signed: February 12, 2019

Frank D. Whitney
Chief United States District Judge