UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-90-FDW

| | |
|---|---|
| KAYIE SHAUNE WRIGHT, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| KENNETH E. LASSITER, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on review of Plaintiff's Motion for Notice of a Reprisal (Doc. No. 25), and Motion for Permanent Restraining Order, Preventive Relief/Injunction, and Immediate "Safety" Transfer. (Doc. No. 27), and Plaintiff's Motion for Default Judgment, (Doc. No. 40).

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). A preliminary injunction is a remedy that is "granted only sparingly and in limited circumstances." MicroStrategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quotations omitted). To obtain a preliminary injunction, a movant must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. DiBiase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (quoting Winter, 555 U.S. at 20).

The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits. See Pashby v. Delia, 709 F.3d 307, 319 (4th Cir. 2013). By

1

contrast, a mandatory injunction "goes well beyond simply maintaining the status quo *pendent lite*, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." Taylor v. Freeman, 34 F.3d 266, 270 n. 2 (4th Cir. 1994) (quoting Martinez v. Matthews, 544 F.2d 1233, 1243 (5th Cir. 1976)). A mandatory injunction is warranted in only the most extraordinary circumstances. Id. (citing Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)). Further, it is well established that "absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." Taylor, 34 F.3d at 268; see Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982) ("judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.").

Plaintiff alleges that, in retaliation for filing the instant lawsuit, he was deprived of a religious meal on October 9, 2018 and was denied recreation that day. He was denied the opportunity to speak to the Officer in Charge and, as a result, he declared a hunger strike. When Plaintiff refused a cell search because he believed his religious personal property would be taken, Officer Robert Marsh stated "I will get you back…." (Doc. No. 25 at 2). He claims that Officer Davis punched the back of his head and called him a "snitch" for filing the lawsuit. (Doc. No. 27 at 2). He further alleges that medical did not conduct adequate restrictive housing checks between October 9 and 16, and that his requests to declare a medical emergency and to speak to the officer in charge have been denied even though he has been on a hunger strike for more than 24 hours and was assaulted. He was given two statement forms on October 11, 2018. Plaintiff asks to be transferred to another facility and for whatever relief is just and appropriate.

The Court ordered Defendants to respond to Plaintiff's Motions seeking preliminary

injunction/temporary restraining order, (Doc. No. 34).

Defendants filed a Response arguing that Plaintiff's Motions are an attempt to bring new claims into this lawsuit which should not be allowed because those claims had not been exhausted at the time the initial Complaint was filed, and they have not been screened for frivolity. (Doc. No. 36). Further, Plaintiff cannot demonstrate that he is entitled to a preliminary injunction or temporary restraining order because he cannot show he is likely to succeed on the merits of these new claims, he cannot show he is likely to suffer irreparable harm, the relief he requests is not in the public interest because it would require the Court to become involved in prison administration, and the balance of hardships does not tip in his favor. Defendants assert, and have filed supporting evidence, that Plaintiff is not being denied religious diet meals, as he has been on a religious vegan diet since March 6, 2018, that he declared a hunger strike but then accepted a meal before the 72-hour period for an official hunger strike had elapsed, and that he was not punched and suffers no visible injuries from the alleged punch by Officer Davis.

Plaintiff filed an unverified Reply alleging that Defendants' affidavits in response to his Motion for preliminary injunctive relief are false, that they are concealing their perjury, and that his allegations are true. (Doc. No. 39)

Plaintiff has failed to demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Therefore, Plaintiff's motion for preliminary injunctive relief will be denied.

In his Motion for Default Judgment, (Doc. No. 40), Plaintiff argues that Defendants failed to respond to the Court's Order to Show Cause, (Doc. No. 34), and that he should be granted the preliminary injunctive relief that he seeks. Plaintiff's Motion will be denied because it is factually

incorrect insofar as Defendants filed a timely Response on December 4, 2018. <u>See</u> (Doc. No. 36).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Notice of a Reprisal (Doc. No. 25), is **DENIED**.

2. Plaintiff's Motion for Permanent Restraining Order, Preventive Relief/Injunction, and Immediate "Safety" Transfer. (Doc. No. 27), is **DENIED**.

3. Plaintiff's Motion for Default Judgment, (Doc. No. 40), is **DENIED**.

Signed: February 12, 2019

Frank D. Whitney
Chief United States District Judge