UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-90-FDW

| KAYIE SHAUNE WRIGHT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| KENNETH E. LASSITER, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on *pro se* Plaintiff's Motion for Summary Judgment, (Doc. No. 42), Plaintiff's "Motion for Judgment as a Matter of Law, Motion for Judgment on the Pleadings, Plaintiff's Notification of Retaliation by Respondent/Defendant 'T. Puett,' and Motion to Transfer Venue (Special Motion); and Notice of Prejudice." (Doc. No. 52), Plaintiff's "Written Motion for Interrogatories; and Motion of Discovery Request," (Doc. No. 53), and Plaintiff's "Averment Motion of Default Judgment; Motion of Judgment on the Pleadings; and Judgment as a Matter of Law," (Doc. No. 54).

Plaintiff's Amended Complaint passed initial review on claims of excessive force, deprivation of due process, freedom of religion, and interference with mail against several Defendants. See (Doc. Nos. 13, 14). The North Carolina Department of Public Safety ("NCDPS") waived service for all Defendants except for Defendant Hodgson, who was served by the U.S. Marshal. See (Doc. Nos. 22, 23, 31). Plaintiff has filed several Motions that are pending before the Court for consideration and they will be addressed in turn.

In his Motion for Summary Judgment, Plaintiff contends that several Defendants submitted statements in the Response opposing preliminary injunctive relief which were perjured,

1

fraudulently submitted in bad faith, and are contrary to the evidence. Plaintiff has failed to carry his burden of demonstrating that summary judgment should be granted. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fec. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Plaintiff's bald statements that the Defendants submitted false statements fail to demonstrate the absence of a genuine dispute of material fact. He has failed to carry his summary judgment burden and, therefore, the Motion for Summary Judgment will be denied.

In his "Motion for Judgment as a Matter of Law…," Plaintiff appears to ask the undersigned to recuse himself from the case because the denial of injunctive relief was unfair. Under 28 U.S.C. § 144, a litigant may seek recusal of a judge if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must state with particularity "the facts and the reasons for the belief that bias or prejudice exists." Although the judge must accept as true the facts alleged in an affidavit filed under 28 U.S.C. § 144, the judge is not required to accept as true conclusory statements, opinions, or speculations. Davis v. United States, 2002 WL 1009728, at *1 (M.D.N.C. Jan. 8, 2002) (citing Marty's Floor

2

Covering Co. v. GAF Corp., 604 F.2d 266 (4th Cir. 1979)). Plaintiff's conclusory allegations wholly fail to allege facts to support a showing of bias by the undersigned. The "Motion for Judgment as a Matter of Law…," will therefore be construed as a Motion to Recuse and will be denied.

In his Written Motion for Interrogatories; and Motion of Discovery Request, (Doc. No. 53), Plaintiff seeks discovery from Defendants. Plaintiff's request for discovery was misdirected to the Court and will be denied. See LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."); (Doc. No. 48) (Pretrial Order and Case Management Plan).

Finally, in his "Averment Motion of Default Judgment…," (Doc. No. 54), Plaintiff argues that Defendants' failure to respond to his motions results in default pursuant to Rule 37(a)(3) of the Federal Rules of Civil Procedure, and that his requests for injunctive relief and damages should be granted. This Court's local rules provide that a party has 14 days to respond to a written motion. See LCvR 7.1(e). While failure to respond can waive objections to a motion, the Court must nonetheless consider the merits thereof rather than summarily granting an unopposed motion. See Barnes-De-Latexera v. San Jorge Children's Hosp., 62 F. Supp. 3d 212, 216 (D.P.R. 2014) (addressing a local rule that specifically provides that failure to respond results in waiver). The Court has considered each of Plaintiff's pending Motions on the merits and has concluded that they do not warrant relief. Plaintiff's request that the Court summarily grant relief in his favor will therefore be denied.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 42), is **DENIED.**

2. Plaintiff's "Motion for Judgment as a Matter of Law, Motion for Judgment on the Pleadings, Plaintiff's Notification of Retaliation by Respondent/Defendant 'T. Puett,' and Motion to Transfer Venue (Special Motion); and Notice of Prejudice." (Doc. No. 52), is construed as a Motion to Recuse and is **DENIED**.

3. Plaintiff's "Written Motion for Interrogatories; and Motion of Discovery Request," (Doc. No. 53), has been misdirected to the Court and is **DENIED**.

4. Plaintiff's "Averment Motion of Default Judgment; Motion of Judgment on the Pleadings; and Judgment as a Matter of Law," (Doc. No. 54), is **DENIED**.

Signed: July 15, 2019

Frank D. Whitney
Chief United States District Judge