# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00090-MR

| | |
|---|---|
| **KAYIE SHAUNE WRIGHT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **KENNETH E. LASSITER, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Response to Memorandum of Decision and Order [Doc. 73].

The *pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. The Amended Complaint asserts a variety of claims against 85 Defendants including Alfred Williams, who was employed as a Disciplinary Hearing Officer (DHO) at Lanesboro Correctional Institution[1] in April 2016. [Doc. 13]. Several of Plaintiff's claims passed frivolity review, including a claim that Defendant Williams denied Plaintiff due process during a prison disciplinary proceeding. [See Doc. 14]. Several Defendants waived service of process and another was served by the U.S. Marshals Service.

---

[1] Lanesboro Correctional Institution is now known as Anson Correctional Institution.

[See Docs. 22, 31]. However, service was not waived or executed for Defendant Williams.

Several Defendants filed a Motion for Summary Judgment in which defense counsel noted that Defendant Williams had never been served. [Doc. 65 at 1 n.1]. The Court granted summary judgment on behalf of the moving Defendants and ordered Plaintiff to either serve Defendant Williams or provide good cause for his failure to do so within 30 days. [Doc. 72 at 30].

Plaintiff has now filed a Notice in which he states that it is nearly impossible for him to locate Defendant Williams because his incarceration and lack of resources have rendered him unable to ascertain Defendant Williams' current employer or address. [Doc. 73].

Under the circumstances present in the instant case, the Court finds that Plaintiff has demonstrated good cause to excuse his failure to serve Defendant Williams, and that a 30-day extension of time to serve Defendant Williams is warranted. The Clerk will be directed to notify the U.S. Marshal that Defendant Williams needs to be served with a summons and Amended Complaint, [Doc. 13], in accordance with Rule 4 the Federal Rules of Civil Procedure. If Defendant Williams cannot be served at the Anson Correctional Institution where he was employed at the time of the incident at issue, the U.S. Marshal shall be responsible for locating his home address

so that he may be served. See 28 U.S.C. § 1915(d) (in actions brought in forma pauperis under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915….").

If the U.S. Marshal is unable to obtain service on Defendant Williams, the U.S. Marshal shall inform the Court, within 30 days of this Order, of its reasonable attempts to obtain service. The U.S. Marshal shall not disclose Defendant's home address to the *pro se* incarcerated Plaintiff and shall file any document containing such address under seal.

**IT IS THEREFORE ORDERED that** the U.S. Marshal shall use all reasonable efforts to locate and obtain service on **Defendant Alfred Williams**. If the U.S. Marshal is unable to obtain service on Defendant Williams, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service within **thirty (30) days** of this Order.

The Clerk is respectfully instructed to mail a copy of the Amended Complaint [Doc. 13] and this Order to the U.S. Marshal.

**IT IS SO ORDERED**.

Signed: September 8, 2020

Martin Reidinger
Chief United States District Judge

4

Case 1:18-cv-00090-MR   Document 74   Filed 09/09/20   Page 4 of 4