IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00090-MR

| | |
|---|---|
| KAYIE SHAUNE WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KENNETH E. LASSITER, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant Alfred Williams' Motion to Deem Answer Timely Filed [Doc. 77].

This civil rights action was filed by the incarcerated *pro se* Plaintiff pursuant to 42 U.S.C. § 1983. The Amended Complaint passed initial review on a number of claims, including a claim that Defendant Williams, a disciplinary hearing officer, violated Plaintiff's due process rights in a prison disciplinary proceeding. [See Doc. 14].

Several Defendants filed a Motion for Summary Judgment in which defense counsel noted that Defendant Williams had never been served. [Doc. 65 at 1 n.1]. The Court ordered the Plaintiff to show cause why Defendant Williams should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). [Doc. 72 at 30].

Plaintiff filed a Notice in which he stated that it was impossible for him to locate Defendant Williams because his incarceration and lack of resources had rendered him unable to ascertain Defendant Williams' current employer or address. [Doc. 73]. The Court found that Plaintiff had demonstrated good cause for his failure to serve Defendant Williams and directed the U.S. Marshal to locate and serve him. [Doc. 74]. On November 3, 2020, a Summons was returned executed for Defendant Williams, which indicated that Defendant Williams had been served on September 16, 2020. [Doc. 76].

On January 19, 2021, Defendant Williams filed the instant Motion to Deem Answer Timely Filed, [Doc. 77], attaching thereto his proposed Answer. [Doc. 77-1]. Defendant Williams explains that the Office of the Commissioner of Prisons was notified on September 23, 2020 that an employee at Lanesboro Correctional Institution had signed for a certified mail package addressed to Defendant Williams. On September 23, 2020, defense counsel received a copy of Defendant Williams' military orders indicating that he would be out of the office until September 30, 2020 on military assignment. This information was conveyed to defense counsel's office. However, Defendant Williams's office was not located at Lanesboro C.I. Therefore, he was never notified that service had been accepted on his

2

Case 1:18-cv-00090-MR   Document 78   Filed 02/16/21   Page 2 of 4

behalf.[1]  Therefore, defense counsel asserts, he had no reason to believe that Defendant Williams had been served.  Counsel noticed during a review of the case that the USMS's report of service was on September 16, 2020, making his answer due on October 7, 2020.  Counsel argues that his failure to file an Answer on behalf of Defendant Williams was due to excusable neglect, *i.e.*, an administrative oversight by counsel in failing to timely review the docket and appreciate that service on Defendant Williams had been served.  Counsel further argues that this oversight was not the fault of Defendant Williams; that Defendant Williams will be prejudiced if this Motion is denied; that the proceedings will not be negatively impacted by the Court's acceptance of Defendant Williams' Answer; and that Plaintiff would not be prejudiced if the Answer is deemed timely filed.  The Plaintiff has not filed a response to the Motion, and the time to do so has expired.

A court may extend the time when an act may or must be done, for good cause, on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).  Excusable neglect requires consideration of equitable factors such as "danger of prejudice … the length of delay and its potential impact on the judicial

---

[1] Arguably, such was insufficient service of process, but Defendant Williams waives such objection by the present motion.

proceedings, the reason for the delay, including whether it was in the control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc., 507 U.S. 380, 395 (1993).

Counsel has demonstrated that the failure to timely file an Answer on Defendant Williams' behalf was an administrative oversight and that denying the Motion would unfairly prejudice Defendant Williams. Further, the Plaintiff has failed to suggest that he would be prejudiced by the Court granting the Motion, and the record does not suggest that any prejudice would occur. Further, the Motion will not unduly delay these proceedings. Accordingly, for good cause shown, the Motion will be granted and Defendant Williams' Answer [Doc. 77-1] will be accepted as timely filed. The Clerk will be instructed to docket the Answer separately.

**IT IS, THEREFORE, ORDERED** that Defendant Alfred Williams' Motion to Deem Answer Timely Filed [Doc. 77] is **GRANTED**.

The Clerk is instructed to separately docket Defendant Williams' Answer [Doc. 77-1].

**IT IS SO ORDERED.**  Signed: February 13, 2021

Martin Reidinger
Chief United States District Judge