# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00090-MR

| | |
|---|---|
| **KAYIE SHAUNE WRIGHT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| **KENNETH E. LASSITER, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant Alfred Williams' Motion to Dismiss All Claims for Failure to Exhaust Administrative Remedies [Doc. 83].

**I.  BACKGROUND**

The Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Alexander Correctional Institution.[1] [Doc. 1]. The Amended Complaint passed initial review on several claims, including a claim that Defendant Williams, a disciplinary hearing officer at

---

[1] The Plaintiff is currently incarcerated at the Scotland Correctional Institution. This action addresses incidents that allegedly occurred at the Alexander, Lanesboro, and Marion Correctional Institutions as well as Central Prison.

Lanesboro C.I., refused to allow the Plaintiff to call a witness at a disciplinary hearing.[2] [Docs. 13, 14].

Defendant Williams has now filed a Motion to Dismiss. [Doc. 83]. The Court notified the Plaintiff of the opportunity to respond to Defendants' Motion and cautioned him that the failure to do so may result in the Defendants being granted the relief that they seek by way of the Motion to Dismiss. [Doc. 86]. The Plaintiff has not responded to the Motion to Dismiss and the time to do so has expired.

## II.   DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. PLRA's exhaustion requirement applies to all inmate suits about prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). There is "no question that exhaustion is mandatory under PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007)

---

[2] This case was assigned to Judge Frank D. Whitney at that time.

(citing Porter, 534 U.S. at 524). The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). The exhaustion of administrative remedies must occur before a civil action is commenced. Porter, 534 U.S. at 516. A prisoner may not exhaust his administrative remedies during the pendency of a § 1983 action. Germain v. Shearin, 653 F. App'x 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011).

NCDPS has established a three-step procedure governing submission and review of inmate grievances, which it refers to as the Administrative Remedies Procedure ("ARP").[3] N.C. Gen. Stat. § 148-11A; Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Under the ARP, an inmate must submit a grievance at step one and then may appeal an unfavorable decision from step one at steps two and three. Id. A decision at step three of the ARP exhausts the prisoner's remedies under the PLRA.

Defendant Williams notes that the Plaintiff was aware of the ARP because it is explained to each inmate as part of orientation. [Doc. 85-1 at

---

[3] Defendant Williams has attached the ARP as Exhibit A to his Motion to Dismiss. [Doc. 85-1].

3

§ .0302(a)(1)]. In the Amended Complaint, the Plaintiff alleges that the "Institution will not allow me to submit [a grievance] against Disciplinary Hearing Officers." [Doc. 13 at 27]. While the Plaintiff seems to assert that his grievances against Defendant Williams were rejected for failing to comply with the ARP, he could have requested relief from the Facility Head if his grievance had been denied and could have appealed any denial of that request. [Doc. 85-1 at §§ .0310(a)(7), (b)(1)]. The Plaintiff has presented no forecast of evidence to show that he sought relief from the Facility Head or that he appealed any denial by the Facility Head. While the Plaintiff seems to essentially argue that filing such a grievance would have been futile, that is not an excuse for failing to exhaust available administrative remedies. Reynolds v. Doe, 431 F. App'x 221 (4th Cir. 2011) ("Exhaustion of administrative remedies is mandatory, even where the inmate claims that exhaustion would be futile."); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"). Because the Plaintiff failed to properly exhaust the available administrative remedies against Defendant Williams, the Defendant's Motion to Dismiss will be granted and the claims against Defendant Williams will be dismissed with prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant Alfred Williams' Motion to Dismiss All Claims for Failure to Exhaust Administrative Remedies [Doc. 83] is **GRANTED**.

The Clerk is respectfully instructed to terminate Defendant Williams as a Defendant.

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge