UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-90-KDB

| | |
|---|---|
| **KAYIE SHAUNE WRIGHT,** | )
| | )
| **Plaintiff,** | )
| | )
| vs. | )
| | ) **ORDER**
| **KENNETH LASSITER, et al.,** | )
| | )
| **Defendants.** | )
| | )

**THIS MATTER** comes before the Court to document the Court's ruling dismissing Plaintiff Kayie Shaune Wright's First Amendment claim against Defendant Adam J. Hergenrother during trial of this matter.

Plaintiff Wright filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging certain unlawful conduct by officials at a facility at which he was previously incarcerated. He is proceeding *in forma pauperis.* Among his claims, Mr. Wright asserts that Defendant Hergenrother opened three pieces of the Plaintiff's legal mail outside of his presence thereby violating his rights under the First Amendment. (Doc. No. 13 at 24). This claim came before the Court for trial on June 8, 2022.[1] In discussion with the Court prior to the presentation of evidence, the Plaintiff clarified that he only wished to proceed with regards to one of those pieces of mail, *i.e.*, a letter marked "Confidential Mail" that is addressed to the "NC Judicial Standards Commission" in Raleigh, North Carolina. (Doc. No. 66-36 at 19-20). The Court thereafter gave the Plaintiff the

---

[1] A First Amendment religion claim was also before this Court for trial, but it was voluntarily dismissed by the Plaintiff.

opportunity to proffer all the evidence he would seek to present to the jury with respect to this claim.

After considering the Plaintiff's statements and carefully reviewing the mail at issue, the Court ruled orally that the letter is not "legal mail" as a matter of law because the letter at issue did not involve confidential legal communications but rather was a non-privileged communication to the NC Judicial Standards Commission (even though as a lay person Plaintiff Wright considered the letter to be "legal" in nature). See, e.g., Wolff v. McDonnell, 418 U.S. 539 (1974) (addressing the opening of attorney-prisoner mail); Haze v. Harrison, 961 F.3d 654, 656 (4th Cir. 2020) (addressing the opening of attorney-pretrial detainee mail); see also Webb v. Butler, 2021 WL 4447629, *11 n.13 (E.D.N.C. Sept, 28, 2021) ("The court is aware of no authority extending the protections to mail the inmate himself deems legal in nature regardless of the addressee"); NCDPS Policy & Procedure, Inmate Use of the Mail 3.0308(b) (defining "Legal Mail" as "Mail to and from attorneys, state and federal courts, the Attorney General of the United States or the Attorney General of North Carolina, the judiciary, and the Industrial Commission, consular officials, or legal aid services or a paralegal").

Furthermore, the Court finds that Defendant Hergenrother is entitled to qualified immunity on this claim because it is not clearly established that an inmate letter marked "confidential" that is addressed to the Judicial Standards Commission qualifies as "legal mail," such that its opening outside of the Plaintiff's presence would violate the First Amendment. See Wolff, 418 U.S. at 539; Haze, 961 F.3d at 656.

Thus, the Court finds that Defendant is entitled to judgment as a matter of law because even if the Plaintiff were able to demonstrate that Defendant Hergenrother had opened and inspected that letter outside of the Plaintiff's presence, that conduct is not wrongful because the

2

letter is not protected "legal mail" as discussed above. See Fed. R. Civ. P. 50(a)(1), (2) (judgment as a matter of law may be entered at any time before the case is submitted to the jury); see also 28 U.S.C. § 1915(e)(2)(B)(ii) (in an *in forma pauperis* proceeding, "the court *shall* dismiss the case at any time if the court determines that … the action … fails to state a claim upon which relief can be granted.") (emphasis added).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's First Amendment claim against Defendant Hergenrother is **DISMISSED.**

Signed: June 9, 2022

Kenneth D. Bell
United States District Judge